145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paula M. BOB, a Couer d'Alene Tribal member; Laverne
Andrews, A Colville Confederated Tribes Tribal member;
Native American Business Alliance, a Washington Nonprofit
Corporation, Plaintiffs-Appellants,
v.
Doyle McMINN, Special Programs Division, Washington State
Department of Revenue, Len McComb, Director,
Washington State Department of Revenue;
The State of Washington,
Defendants-Appellees.
 No. 97-35015.
DC No. CV 96-5421 RJB.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1998**.
Decided May 18, 1998.
 
 1
 Appeal from the United States District Court for the Western District of Washington at Tacoma Robert J. Bryan, District Judge, Presiding.
 
 
 2
 Before THOMPSON and TASHIMA, Circuit Judges and STAGG, District Judge***.
 
 
 3
 MEMORANDUM*
 
 
 4
 Plaintiffs appeal the district court's order dismissing their action on the ground that under the Tax Injunction Act, 28 U.S.C. § 1341, the district court lacked jurisdiction to hear this case. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court for the reasons stated in its Order Granting Defendants' Motion to Dismiss of November 29, 1996.[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 **
 * Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except, as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Plaintiffs attempt to raise several issues for the first time in their reply brief. We treat these issues as waived because they were either not raised in the district court or raised for the first time in appellants' reply brief. See Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1488 n. 4 (9th Cir.1995) (failure to raise an issue before the district court constitutes a waiver of that issue); Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992) (error may not be asserted on appeal, unless the issue is "specifically and distinctly" raised in the opening brief)